Diakite v. Lynch

BIA
Abrams, IJ
A079 290 917

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of March, two thousand sixteen.

PRESENT: ROSEMARY S. POOLER,
         REENA RAGGI,
         PETER W. HALL,
              *Circuit Judges.*

_____

ABOUBAKAR DIAKITE,
         *Petitioner,*

         v.                                    12-3114-ag
                                               NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
         *Respondent.**

_____

FOR PETITIONER:        Khagendra Gharti Chhetry, Chhetry &
                       Associates, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; Terri J. Scadron,

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr. as Respondent.

                    Assistant Director; Siu P. Wong,
                    Trial Attorney, Office of
                    Immigration Litigation, United
                    States Department of Justice,
                    Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Aboubakar Diakite, a native and citizen of Mauritania, seeks review of a July 13, 2012 order of the BIA, affirming the May 5, 2011 decision of Immigration Judge ("IJ") Steven Abrams, which pretermitted his application for asylum and denied his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Aboubakar Diakite*, No. A079 290 917 (B.I.A. July 13, 2012), *aff'g* No. A079 290 917 (Immig. Ct. N.Y.C. May 5, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's opinions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513

(2d Cir. 2009).  As an initial matter, because Diakite does not challenge the agency's pretermission of his asylum claim as untimely, we do not address it here.

1.  Past Persecution

In pre-REAL ID Act cases, such as this one, an adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding, and any discrepancy must be "substantial" when measured against the record as a whole.  *See Secaida-Rosales v. INS*, 331 F.3d 297, 307 (2d Cir. 2003) (internal quotation marks omitted).  In finding that Diakite failed credibly to establish past persecution, the agency reasonably relied on the inconsistency between his testimony and asylum statement regarding the number of times that the Mauritanian authorities deported his family to Senegal.  Contrary to Diakite's assertions, the agency properly determined that this inconsistency went to the heart of his claim because it concerned the very persecution that he allegedly suffered in Mauritania.  *See Majidi v. Gonzales*, 430 F.3d 77, 81 (2d Cir. 2005) (providing that inconsistencies between written statement and testimony regarding politically motivated attack supported adverse credibility finding, as it was "an

3

example of the very persecution from which he sought asylum"); *Belortjaja v. Gonzales*, 484 F.3d 619, 626 (2d Cir. 2007) (upholding adverse credibility finding based on omissions from affidavit of two incidents that went to heart of asylum claim).  Indeed, Diakite's former attorney conceded before the IJ that this inconsistency was not minor.

While Diakite attributed the inconsistency to his youth at the relevant time or to a mistake by the preparer of his initial application, the agency reasonably rejected these explanations.  It noted first that, although Diakite was only fifteen at the time of his first alleged deportation, he should have remembered living in a Senegalese refugee camp for two years. *See Majidi*, 430 F.3d at 80-81 (noting that agency need not credit applicant's explanations for inconsistent testimony unless explanations would compel reasonable fact-finder to do so).  Additionally, although the "circumstances surrounding the application process do not often lend themselves to a perfectly complete and comprehensive recitation," *Secaida-Rosales*, 331 F.3d at 308, the agency reasonably concluded that this concern was substantially diminished here by the fact that Diakite also

4

omitted his second deportation from a revised application statement prepared with the assistance of counsel and submitted for the purpose of supplementing the application filed by his initial preparer.  Because we find the agency's adverse credibility determination to be supported by substantial evidence on the basis of this inconsistency alone, we decline to consider the numerous additional bases cited by the IJ for finding Diakite not credible.  *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

2.   Future Persecution and Torture

Contrary to Diakite's assertion, the agency did not fail to consider whether there was a pattern or practice of persecution of persons similarly situated to him in Mauritania.  Although the agency did not expressly reference a pattern-or-practice based claim, it effectively rejected such a theory when, based on the 2010 Human Rights Report,[1]

_____

[1] Diakite's contention that the agency violated due process by taking administrative notice of the 2010 Human Rights Report is without merit.  *See Qun Yang v. McElroy*, 277 F.3d 158, 163 n.4 (2d Cir. 2002) ("It is well-settled

5

it concluded that Diakite had not established a well-founded fear of future persecution on account of his race and ethnicity.  For example, the agency found, among other things, that conditions in Mauritania for persons of Diakite's race and ethnicity had fundamentally changed because: (1) Maaouya Ould Sid'Ahmed Taya, the president who had overseen the forced deportation of Afro-Mauritanians between 1989 and 1991, had lost power in a 2005 coup; (2) after the 2009 presidential election, seven of the government's 29 cabinet members were Afro-Mauritanians; and (3) the government had undertaken a large-scale return and reintegration program for Afro-Mauritanians expelled between 1989 and 1991, which included the return of over 17,000 people in 2009.  Because the changed circumstances determination informing the agency's rejection of any pattern-or-practice basis for a professed fear of persecution was thus "tethered to the evidentiary record, we will accord deference to the finding."  *Siewe v. Gonzales*, 480 F.3d 160, 169 (2d Cir. 2007); *see also id.* at 68 ("[S]upport for a contrary inference – even one more

___

that the BIA has the authority to take administrative notice of current events bearing on an applicant's well-founded fear of persecution.").

6

plausible or more natural – does not suggest error."); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 432 (2d Cir. 2006) (holding that weight afforded to applicant's evidence in immigration proceedings lies largely within discretion of agency).

Having reasonably determined that Diakite failed to establish a well-founded fear of persecution on the basis of his race and ethnicity, the agency did not err in finding that he also failed to demonstrate a likelihood of persecution or torture on this basis and, therefore, was ineligible for asylum, withholding of removal, and CAT relief.  *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

<div style="margin-left: 40%;">
FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk of Court
</div>